IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY KENNETH BARBER,<br><br>Defendant. | Case No. 24-CR-86-JFH |

## OPINION AND ORDER

Before the Court is Defendant's Response[1] [Dkt. No. 29] to the Government's Notice of Intent to Impeach Defendant with Prior Convictions [Dkt. No. 22]. For the foregoing reasons, Defendant's objection is sustained in part and overruled in part.

## BACKGROUND

Defendant was charged by indictment on June 12, 2024 with four criminal counts related to the shooting death of his girlfriend. Dkt. No. 2. On June 25, 2024, the Government filed a Notice of Intent to Impeach Defendant with Prior Convictions. Dkt. No. 22. The Government gave notice that, should Defendant testify in this matter, the Government would seek to admit Defendant's prior felony convictions for impeachment purposes under Fed. R. Evid. 609. *Id*. These convictions are as follows:

1. Assault and Battery – Domestic by Strangulation (CF-2015-535). Defendant was sentenced to three (3) years of imprisonment for this offense in Garfield County on March 21, 2016; and

2. Unlawful Possession of Methamphetamine with Intent to Distribute (CF-2007-00015). Defendant was sentenced to ten (10) years of imprisonment for this offense in Pittsburg County on November 2, 2010.

*Id*.

---

[1] Hereinafter, the Court will construe Defendant's Response as an Objection.

Defendant objected – arguing that both convictions should be excluded. Dkt. No. 29. Defendant contends that *United States v. Sides*, 944 F.2d 1554, 1560 (10th Cir. 1991), dictates that the prior domestic assault felony conviction is inadmissible under Fed. R. Evid. 609(a)(1)(B). Dkt. No. 29 at 2-4. Specifically, Defendant contends that the similarity of the prior offense to the charged offense and the importance of Defendant's testimony and credibility favor finding the prior assault conviction inadmissible for impeachment purposes. *Id*. Lastly, Defendant noted that his 2007 conviction for drug distribution is subject to the heightened admissibility requirements of Fed. R. Evid. 609(b) because it has been more than 10 years since he discharged this sentence. *Id*. at 4-5.

The Government responded to Defendants' Objection. Dkt. No. 32. In its response the Government indicates that it no longer seeks to admit Defendant's 2007 felony conviction and, further, regarding the 2015 domestic battery by strangulation conviction, the Government proposes to limit any potential unfair prejudice to Defendant "[b]y not identifying the specific nature of the crime." Dkt. No. 32 at 5.

## ANALYSIS

I.   **Evidence that Defendant was convicted of a felony offense in 2015, without identifying the specific felony offense, is admissible under Fed. R. Evid. 609.**

Federal Rule of Evidence 609 provides that evidence of a witness' prior felony conviction, "must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant." Fed. R. Evid. 609(a)(1)(B). In applying this rule, the Tenth Circuit has directed courts to consider, "the nature of the crime, the time of the conviction, the similarity of the past crime to the charged crime, the importance of the defendant's testimony, and the degree to which the defendant's credibility is central to the case." *Sides*, 944 F.2d at 1560.

Defendant's arguments regarding his 2015 conviction hold some merit, as the Government itself seems to concede by suggesting that the nature of Defendant's conviction not be disclosed to a jury. Domestic battery by strangulation is not a crime of dishonesty, and the offense is similar in nature to the present charged crimes – both involve violence toward an intimate partner. Furthermore, given that Defendant is the only witness to the crimes charged, Defendant's testimony and his credibility are both important to this case. However, the particular danger of unfair prejudice here arises from the similarity between the 2015 felony offense to the present charged offenses; as such, this potential for unfair prejudice will be significantly lessened by not disclosing the nature of Defendant's 2015 conviction to the jury, as the Government proposes. Moreover, any further danger of prejudice to Defendant will be limited by appropriate limiting instructions to the jury regarding the Rule 609 evidence.

Given the above, the Court finds that the probative value of the evidence of the 2015 conviction, limited as noted herein, outweighs its prejudicial effect to Defendant. Accordingly, should Defendant testify, the Government will be able to admit evidence of Defendant's 2015 felony conviction, but the particular offense of which Defendant was convicted shall not be admissible.

**II.     Evidence of Defendant's 2007 felony conviction is inadmissible under Fed. R. Evid. 609**.

The Government initially gave notice that it intended to introduce under Rule 609 evidence that Defendant was convicted of a drug distribution felony in 2007. Dkt. No. 22. Following Defendant's objection, it would seem that the Government no longer seeks to introduce evidence of this conviction as it has not addressed Defendant's arguments in its Response. Dkt. No. 32 at 1. Defendant's objection to the admission of the 2007 felony conviction is sustained, as the

Government has not demonstrated that evidence of this conviction is admissible under Fed. R. Evid. 609(b).

IT IS THEREFORE ORDERED that Defendant's Objection [Dkt. No. 29] to the Government's Notice of Intent to Impeach Defendant with Prior Conviction is sustained in part and overruled in part, in accordance with the foregoing Order.

Dated this 9th day of August 2024.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE