IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

Plaintiff,

v.                                              Case No. 24-CR-86-JFH

TIMOTHY KENNETH BARBER,

Defendant.

## OPINION AND ORDER

Before the Court is Defendant's Response[1] [Dkt. No. 30] to the Government's Notice of Intent to Admit Evidence Under Federal Rule of Evidence 404(b). For the foregoing reasons, Defendant's objection is overruled.

## BACKGROUND

Defendant was charged by indictment on June 12, 2024 with four criminal counts related to the shooting death of his girlfriend. Dkt. No. 2. On June 25, 2024, the Government filed a Notice of Intent to Admit Evidence Under Federal Rule of Evidence 404(b). Dkt. No. 23. The Government gives notice that it seeks to admit (1) evidence that Defendant and the victim smoked methamphetamine together the day of the victim's death and (2) evidence that Defendant threw food at the victim during an argument leading up to the shooting of the victim. *Id*. at 2. The Government primarily contends that this evidence is res gestae of the crime charged, but, in the alternative, gives notice under Fed. R. Evid. 404(b). *Id*. at 2-3.

Defendant objected to the Government's notice. Dkt. No. 30. The Defendant seems to agree with the Government that the proposed evidence is, in fact, res gestae evidence (or, at least,

---

[1] Hereinafter, the Court will construe Defendant's Response as an Objection.

is not 404(b) evidence), but the Defendant argues that the evidence should nevertheless be excluded under Fed. R. Evid. 403.

The Government has responded to Defendants' Objection, arguing that the evidence in question is relevant and admissible under Fed. R. Evid. 403.  Dkt. No. 33.

## ANALYSIS

### I.      The evidence in question is res gestae of the charged offenses.

Evidence of other crimes or bad acts is res gestae of the crime charged when it is "inextricably intertwined with the charged crime such that a witness's testimony would have been confusing and incomplete without mention of the prior act." *United States v. Piette*, 45 F.4th 1142, 1155 (10th Cir. 2022).  Res gestae evidence is that evidence which is "part and parcel of the proof of the offense charged" and which "is necessary to a full presentation of the case or is appropriate in order to complete the story of the crime on trial by proving its immediate context or the 'res gestae'" *United States v. Kimball*, 73 F.3d 269, 272 (10th Cir. 1995) (quoting *United states v. Masters*, 622 F.2d 83, 86 (10th Cir. 1980)).  Res gestae evidence "remains subject to Rule 403 balancing and 'will be inadmissible … if it has no proper probative value.'" *Piette*, 45 F.4th at 1155 (quoting *United States v. Irving*, 665 F.3d 1184, 1215 (10th Cir. 2011) (Hartz, J., concurring)).

Both pieces of evidence in the Government's 404(b) notice constitute res gestae of the charged offenses.  Evidence that Defendant and the victim had smoked methamphetamine together prior to the incident leading to the victim's death is res gestae:  the methamphetamine use is so close in time and place to the alleged crimes that it should be considered part of the "immediate context" of the crime on trial.  The same can be said of the allegation that Defendant threw food at the victim as the two were fighting, leading to the alleged crimes.

II.     **The evidence is admissible under Fed. R. Evid. 403.**

Fed. R. Evid. 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Unfair prejudice exists where evidence has "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Old Chief v. United States*, 519 U.S. 172, 180 (1997).  In deciding whether to exclude evidence under Rule 403, "consideration should be given to the probable effectiveness or lack of effectiveness of a limiting instruction and the availability of other means of proof." *United States v. Silva*, 889 F.3d 704, 712 (10th Cir. 2018) (internal citations omitted).  While the district court has "considerable discretion" in applying Rule 403, "exclusion of evidence under Rule 403 that is otherwise admissible under the other rules is an extraordinary remedy and should be used sparingly." *Id*. (citing *United States v. Tan*, 254 F.3d 1204, 1211 (10th Cir. 2001)).

A. **Evidence of Defendant's methamphetamine use is admissible under Fed. R. Evid. 403**.

Defendant's prior methamphetamine use with the victim leading up to the charged conduct is relevant.  This evidence is relevant to show the state of mind of the Defendant and the victim and it provides important explanatory context for the actions of both during the time period leading up to the alleged crimes.

Evidence of Defendant's methamphetamine may pose some danger of unfair prejudice, but this danger is relatively slight.  In the Court's view, there is little danger that a jury would use Defendant's methamphetamine use as improper propensity evidence:  the use of methamphetamine is qualitatively different than the charged offenses, which are much more serious in nature.  Common sense dictates that a jury is unlikely to infer that Defendant murdered his girlfriend solely

3

because he is a user of methamphetamine.  Nor is Defendant's use of methamphetamine likely to inflame a jury.  To the extent that any danger of unfair prejudice exists, it can be alleviated with appropriate limiting instructions to the jury.  The relevance of this evidence and the light it sheds upon the events leading up to the charged acts outweighs any danger of unfair prejudice.

The proposed evidence would pose no impermissible danger of confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Exclusion of the proposed evidence under Rule 403 is not justified.

**B. Evidence that Defendant threw food at victim is admissible under Fed. R. Evid. 403.**

With regard to the evidence that Defendant threw food at the victim during a fight leading up to alleged crimes, there is little to no danger that this evidence would cause any unfair prejudice. Evidence of the details of Defendant's and the alleged victim's quarrel leading up to the alleged crimes is most relevant to the factual disputes at issue; this relevance far outweighs any danger of unfair prejudice.  The proposed evidence would pose no impermissible danger of confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.  Exclusion of the proposed evidence under Rule 403 is not justified.

IT IS THEREFORE ORDERED that Defendant's Objection [Dkt. No. 30] to the Government's Notice of Intent to Admit Evidence Under Fed. R. Evid. 404(b) is overruled, in accordance with the foregoing Order.

Dated this 9th day of August 2024.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE